UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:01-00170 |
| | ) | JUDGE CAMPBELL |
| ANDRE THOMAS SAWYERS | ) | |

## MEMORANDUM AND ORDER

Pending before the Court are the Defendant's Motion For Reduction Of Sentence Based On Guideline Amendment Effective November 1, 2011 Concerning Weight Equivalency Of Crack Cocaine (Docket No. 111) and his Supplemental Brief (and request for stay) (Docket No. 116), as well as the Government's Response (Docket No. 113) and Supplemental Response (Docket No. 115).

The Defendant was convicted, after a jury trial, of possession with intent to distribute five or more grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and of possessing firearms as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Docket No. 69). The Court originally sentenced the Defendant to 262 months of imprisonment, but the sentence was vacated on appeal in light of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). (Docket Nos. 76, 77, 87). On remand, the Court re-sentenced the Defendant to 246 months of imprisonment. (Docket Nos. 102, 103). Although the Defendant qualified as a career offender under the Sentencing Guidelines, with a guideline sentencing range of 262 to 327 months, the Court granted a variance below that range to reflect credit for certain time the Defendant had served in custody. (Id.) The Judgment was entered on May 14, 2008, and was

affirmed by the Sixth Circuit on July 28, 2009. (Id.; Docket No. 108).

Through the pending Motion, the Defendant requests that the Court reduce his sentence based on 18 U.S.C. § 3582(c)(2)[1], United States Sentencing Guideline § 1B1.1[2], and the Fair Sentencing Act of 2010.

Through the Fair Sentencing Act of 2010 ("FSA"), Congress reduced the crack cocaine to powder cocaine ratio from 100-to-1 to 18-to-1. Dorsey v. United States, ___ U.S. ___, 132

---

[1] Section 3582(c) provides:

(c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that–

    (1) in any case –

* * *

        (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

    (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

[2] Section 1B1.1 is entitled "Application Instructions." The Court assumes the Defendant intends to rely on Section 1B1.10 which permits a retroactive sentence reduction as a result of a guideline range that has been subsequently amended.

S.Ct. 2321, 2326, 183 L.Ed.2d 250 (2012). To implement that change, Congress amended several statutes to increase the amount of cocaine base, or crack, needed to trigger a mandatory minimum sentence. See United States v. Turner, 2012 WL 171392 (6th Cir. Jan. 23, 2012). The FSA took effect on August 3, 2010. Dorsey, 132 S.Ct. at 2329. As noted above, however, the Defendant's sentence had already become final prior to the effective date of the FSA.

To support his request for reduction, the Defendant cites the Sixth Circuit panel decision in United States v. Blewett, 719 F.3d 482 (6th Cir. 2013), which held that the reductions in the FSA should be applied retroactively based on equal protection grounds. After the Defendant filed his initial Motion, however, the Sixth Circuit agreed to re-hear the Blewett case *en banc*, and vacated the panel decision. The *en banc* court recently ruled that the FSA does not apply retroactively to final sentences. United States v. Blewett, 2013 WL 6231727 (6th Cir. Dec. 3, 2013). Therefore, the Blewett case no longer supports Defendant's request for sentence reduction.

In his Supplemental Brief (Docket No. 116), the Defendant requests that the Court stay his request until the Supreme Court rules on the issue. The Court declines the request as there is no indication whether and when the Supreme Court would issue such a ruling.

To the extent the Defendant seeks a sentence reduction based on Amendment 750 to the Sentencing Guidelines, which became effective on November 1, 2011 and lowered the offense level for cocaine base, the Sixth Circuit has held that defendants who were sentenced under the career offender sentencing guideline, like the Defendant, are not eligible for such a reduction. See, e.g., United States v. Payton, 617 F.3d 911 (6th Cir. 2010).

3

Accordingly, Defendant's Motion For Reduction (Docket No. 111), and request for stay (Docket No. 116) are DENIED.

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE