UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:01-00170 |
| | ) | JUDGE CAMPBELL |
| ANDRE THOMAS SAWYERS | ) | |

MEMORANDUM AND ORDER

Pending before the Court are the Defendant's letter (Docket No. 120) requesting a sentencing reduction; a Supplemental Brief (Docket No. 125), filed by counsel for the Defendant; and the Government's Response (Docket No. 126). Through his letter, the Defendant seeks a two-point reduction in his sentence based on Amendment 782 to the United States Sentencing Guidelines.

Amendment 782, which went into effect on November 1, 2014, reduces by two the offense levels assigned in the Drug Quantity Table, U.S.S.G. § 2D1.1, resulting in lower guideline ranges for most drug trafficking offenses. (Background Information Section of Frequently Asked Questions: Retroactive Application of the 2014 Drug Guidelines Amendment, *available at* http://www.ussc.gov.) The Amendment was given retroactive effect, but offenders may not be released from prison based on the Amendment earlier than November 1, 2015. *Id.;* U.S.S.G. § 1B1.10(d), (e).

A sentence of imprisonment is a final judgment and may be modified by a district court only in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 130 S.Ct. 2683, 2690, 177 L.Ed.2d 271 (2010). A limited exception to the general rule of finality is authorized by 18 U.S.C. § 3582(c)(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered and made

retroactive by the Sentencing Commission. Section 3582(c)(2) provides:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--
>
> * * *
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

"In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted," the court is to "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1).

The Defendant was convicted, after a jury trial, of possession with intent to distribute five or more grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and of possessing firearms as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Docket No. 69). The Court originally sentenced the Defendant to 262 months of imprisonment, but the sentence was vacated on appeal in light of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). (Docket Nos. 76, 77, 87). On remand, the Court re-sentenced the Defendant to 246 months of imprisonment. (Docket Nos. 102, 103). The Defendant qualified as a Career Offender under Section 4B1.1 of the Sentencing Guidelines, with a guideline sentencing range of 262 to 327 months, but the Court granted a variance below that range to reflect credit for certain time

the Defendant had served in custody. (Id.)  The Judgment was entered on May 14, 2008, and was affirmed by the Sixth Circuit on July 28, 2009. (Id.; Docket No. 108).

Because the Defendant was determined to be a Career Offender under Sentencing Guideline Section 4B1.1, the Defendant's offense level and criminal history category were both determined by reference to that guideline, and not the quantity of drugs for which he was held responsible under Section 2D1.1.  Consequently, the Defendant's guideline range has not been lowered as a result of Amendment 782's reductions to the Drug Quantity Table in Section 2D1.1. See, e.g., United States v. Thompson, 714 F.3d 946, 949 (6th Cir. 2013)(Court held that previous amendments to drug quantity table did not apply to reduce the sentence of Career Offender). Accordingly, the Defendant's request for a sentencing reduction is DENIED.

It is so ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE